# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
THERESA WEIRBACH

**(b)** County of Residence of First Listed Plaintiff: Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
LEVAN LAW GROUP LLC, ONE LOGAN SQ. - 27TH FLOOR, PHILA, PA 19103 (215) 561-1500

### DEFENDANTS
THE CELLULAR CONNECTION, LLC

County of Residence of First Listed Defendant: Hamilton County, IN
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | PROPERTY RIGHTS | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | LABOR | SOCIAL SECURITY | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / Habeas Corpus: | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | IMMIGRATION | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / Other: ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 201, et seq. Fair Labor Standards Act
Brief description of cause:
failure to pay overtime

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150K+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 11/12/2019
SIGNATURE OF ATTORNEY OF RECORD

NOV 12 2019

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Whitehall Township, PA__

Address of Defendant: __Carmel, IN__

Place of Accident, Incident or Transaction: __Allentown, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is  ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11/11/2019__   _____ (Attorney-at-Law / Pro Se Plaintiff)   __73501__ Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify): __29 USC 201, FLSA__

B. **Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify): _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    (Please specify): _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Peter A. Muhic__, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __11/11/2019__   _____ (Attorney-at-Law / Pro Se Plaintiff)   __73501__ Attorney I.D. # (if applicable)

NOV 12 2019

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JD&

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

THERESA WEIRBACH           :        CIVIL ACTION

           v.        :        19    5310

THE CELLULAR CONNECTION, LLC   :        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 11/12/19 | Peter A. Muhic | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-561-1500 | 215-827-5390 | pmuhic@levanlawgroup.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 12 2019

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)　　　　The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)　　　　In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)　　　　The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)　　　　Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)　　　　Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
## (See §1.02 (e) Management Track Definitions of the
## Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.




UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA WEIRBACH on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br>-against-<br><br>THE CELLULAR CONNECTION, LLC,<br><br>　　　　　　　　　　Defendant. | Case No.　　19　　5310<br><br>COLLECTIVE ACTION COMPLAINT |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Theresa Weirbach, along with any other similarly situated employees who may join this action ("Plaintiff"), by her attorneys, Levan Law Group LLC and Shavitz Law Group, P.A., upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

### INTRODUCTION

1. Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), on behalf of herself and all other persons similarly situated who suffered damages as a result of Defendant's violations of the FLSA.

2. As more fully described below, during the relevant time periods, Defendant willfully violated the FLSA by failing to pay its non-exempt hourly Sales Representatives and Technical Advisors, including Plaintiff and all other similarly situated employees, for all of their overtime hours worked based upon its unlawful policies and practices.

3. While Defendant required Sales Representatives and Technical Advisors to work overtime hours, as more fully described herein, it did not pay them for all hours worked outside

of the store, including for mandatory work utilizing group messaging applications such as GroupMe, participating in regularly scheduled conference calls, and otherwise communicating with other employees about work matters.

4. Accordingly, Defendant failed to credit – and therefore compensate – Plaintiff and Sales Representatives and Technical Advisors for all of their hours worked in violation of the FLSA.

## THE PARTIES

### *Plaintiff*

5. Plaintiff Weirbach is a citizen and resident of Whitehall, Pennsylvania.

6. Plaintiff Weirbach worked for Defendant as a non-exempt, hourly-paid Sales Representative from approximately May 2017 to June 2018 at the Hamilton Boulevard store in Allentown, Pennsylvania.

7. At all times relevant, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

8. Plaintiff Weirbach's written consent to join form is attached as Exhibit A.

### *Defendant*

9. The Cellular Connection, LLC ("TCC") is an Indiana corporation with its principal place of business at 525 Congressional Blvd, Carmel, Indiana 46032.

10. TCC operates approximately 873 stores in the United States that offer cellular phones and services to customers.

11. TCC operates approximately 115 stores in Pennsylvania.

2

12. At all times relevant, TCC was and still is a covered "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). TCC employed and/or jointly employed Plaintiff and similarly situated employees within the meaning of the FLSA. Defendant has substantial control over Plaintiff' working conditions and the unlawful policies and practices alleged herein.

13. Defendant directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 201, *et. seq.*

15. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

16. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Defendant is subject to personal jurisdiction in this district. At all times material hereto, Plaintiff performed non-exempt duties for the Defendant in a retail store within this district and within the jurisdiction and venue of this Court.

17. At all times material to this Complaint, the Defendant was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the

Act, 29 U.S.C. §§ 203(r) and 203(s). Defendant's gross receipts for the three years preceding the filing of this lawsuit exceeded $500,000.00.

## FACTS COMMON TO ALL CLAIMS

### *The FLSA Collective*

18.  The proposed FLSA Collective is defined as follows:

> All non-exempt hourly retail associates (including Sales Representatives, Technical Advisors and similarly titled employees) employed by TCC at any retail store location throughout the United States on or after November 12, 2016 to the date of judgment of this action, who have not been paid for all overtime hours worked.

### *Plaintiff's Off-the-Clock Work*

19.  Sales Representatives and Technical Advisors employed by TCC perform non-exempt duties including customer service and sales of cellular phones and phone plans.

20.  Throughout their employment as Sales Representatives and Technical Advisors with TCC, Plaintiff and the similarly situated employees performed work during overtime hours outside of the store without compensation.

21.  While employed as a Sales Representative, Plaintiff was advised and informed by managers of TCC that employee participation was mandatory while out of the store and off-the-clock for work-related communications by and among TCC employees utilizing group messaging applications such as GroupMe, participating in regularly scheduled conference calls with employees and managers, and communicating with customers about products and sales and co-workers and managers about work matters, in addition to completing paperwork not completed while in the store and on the clock. Among other tasks, Plaintiff and the similarly

situated employees were directed to use group messaging applications to communicate with co-workers and managers via phone and text messages about work-related matters.

22. TCC does not provide a method by which Plaintiff and the similarly situated employees can record and be paid for such time worked outside of the store.

23. Pursuant to TCC's policies and procedures, TCC failed to record all of the hours worked by Plaintiff and the other Sales Representatives and Technical Advisors, thereby resulting in the failure to pay overtime in violation of the FLSA.

24. Plaintiff estimates that she worked about 5 to 10 unpaid overtime hours per workweek.

*Defendant's Off-the-Clock Violations*

25. Plaintiff and the proposed FLSA Collective members worked as non-exempt classified Sales Representatives and Technical Advisors at TCC retails stores.

26. Defendant is aware that Plaintiff and the proposed FLSA Collective worked off-the-clock overtime hours. But, Defendant failed and continues to fail to pay them all of their overtime compensation by failing to credit them for all of the hours they work over 40 in a workweek and suffering or permitting Plaintiff and the proposed FLSA Collective to work off-the-clock hours, during which they performed their Sales Representative and/or Technical Advisor duties.

27. Defendant maintains time records for its non-exempt hourly Sales Representative and/or Technical Advisor throughout the United States.

28. However, those time records fail to accurately reflect all of the hours worked by Plaintiff and the similarly situated retail associates, based upon Defendant's policies and

procedures for requiring Plaintiff and the similarly situated Sales Representatives and/or Technical Advisors to work off the clock and not crediting all time worked.

29. Defendant required Plaintiff and the proposed FLSA Collective to work while off-the-clock, but did not pay them for these unrecorded hours in violation of the FLSA.

30. Defendant knew or should have known that Plaintiff and the proposed FLSA Collective worked unpaid time because Defendant's managers and agents witnessed the unpaid time worked while on group messaging applications, conference calls, and/or assigning work to be completed outside of the store. Defendant also failed to maintain a timekeeping system to track time worked outside of the store despite its employees regularly working outside of the store.

31. Based upon Defendant's policies and procedures, Defendant failed to keep accurate records of hours worked by Plaintiff.

32. Defendant's failure to pay Plaintiff and the proposed FLSA Collective for all hours worked was due to a corporate policy to limit labor expenditures and preserve corporate profits.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

33. Plaintiff brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of herself and the proposed FLSA Collective.

34. Defendant assigned and/or has been aware of all of the work that Plaintiff and the proposed FLSA Collective have performed.

35. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to

Plaintiff and the proposed FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a.    willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for all of the hours they worked for Defendant in excess of 40 hours per workweek; and

    b.    willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for Defendant.

36. Defendant is aware or should have been aware that federal law requires it to pay Plaintiff and members of the FLSA Collective an overtime premium for all hours worked in excess of 40 per workweek.

37. Plaintiff and the FLSA Collective all perform or performed the similar duties of Sales Representatives and Technical Advisors at TCC retail stores throughout the country.

38. Plaintiff and the FLSA Collective all were compensated on an hourly basis.

39. Plaintiff and the FLSA Collective all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendant.

40. Defendant's unlawful conduct has been widespread, repeated, and consistent.

### FIRST CAUSE OF ACTION
### FLSA– Unpaid Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

41. Plaintiff incorporates by reference all preceding allegations.

42. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

43. Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

44. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

45. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

46. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

47. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

48. Defendant has failed to pay Plaintiff and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

49. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

50. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

51. As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

52. As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in

amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A.  That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the proposed FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.  Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.  Pre-judgment interest and post-judgment interest as provided by law;

D.  Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E.  Attorneys' fees and costs of the action;

F.  An appropriate service award for Plaintiff's efforts and service to the proposed FLSA Collective; and

G.  Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: Philadelphia, Pennsylvania　　　　　　　*s/ Peter A. Muhic*

　　　　November 12, 2019　　　　　　　　　　LeVAN LAW GROUP LLC
　　　　　　　　　　　　　　　　　　　　　　　Peter A. Muhic (PA Bar No. 73501)
　　　　　　　　　　　　　　　　　　　　　　　One Logan Square – 27th Floor

9

...

Philadelphia, PA 19103-6933
215.561.1500
215.827.5390 (facsimile)
pmuhic@levanlawgroup.com


Michael J. Palitz*
SHAVITZ LAW GROUP, P.A.
800 3rd Avenue, Suite 2800
New York, New York 10022
Telephone:    (800) 616-4000
Facsimile:    (561) 447-8831
mpalitz@shavitzlaw.com

Gregg I. Shavitz*
Tamra Givens*
SHAVITZ LAW GROUP, P.A.
981 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone:    (561) 447-8888
Facsimile:    (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

*Attorneys for Plaintiff and the proposed FLSA Collective*


*to apply for admission *pro hac vice*