# <u>SETTLEMENT AGREEMENT</u>

# <u>AND</u>

# <u>RELEASE OF CLAIMS</u>

**Theresa Weirbach et al.**

**and**

**The Cellular Connection, LLC**

I.      **SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

The parties to this Settlement Agreement are (1) The Cellular Connection, LLC ("TCC" or "Defendant") and (2) Theresa Weirbach and Charles Zimmer ("Named Plaintiffs").  Collectively, Named Plaintiffs and TCC are called the "Parties."

II.     **BACKGROUND**

This settlement resolves a Lawsuit between the Parties involving alleged claims that TCC did not pay all wages due to Sales Consultants and Technical Advisors (together, "Sales Reps") as required by the overtime pay requirements of the Fair Labor Standards Act ("FLSA").  TCC denies the allegations and maintains that Sales Reps were paid for all time worked.

On August 20, 2020, after significant motion practice and engaging in informal discovery, the Parties mediated before Carole Katz, Esq., an experienced wage and hour class-action and collective-action mediator.  At the mediation, the Parties agreed in principle to settle on the terms in this Settlement Agreement.

III.    **AGREEMENT**

A.      **Settlement**.  The Parties agree this action and any claims, damages, or causes of action arising out of the dispute which is the subject of the Lawsuit, or which could have been alleged in the Lawsuit, be settled subject to court approval and under the terms set forth in this Settlement Agreement.

B.      **Definitions**.

1.      "**Bar Date**" means 60 days from the Settlement Administrator's initial mailing of Notice Packets.

2.      "**Counsel for Parties Plaintiff**" or "**Counsel for Settlement Claimants**" means Shavitz Law Group, P.A. and LeVan Muhic Stapleton LLC.

3.      "**Defendant's Counsel**" means Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

4.      "**Dismissal And Approval Order**" means an order from Eastern District of Pennsylvania approving the Settlement and dismissing the Lawsuit with prejudice as per this Settlement Agreement.

5.      "**Lawsuit**" means *Weirbach, et al. v. The Cellular Connection, LLC*, No. 5:19-cv-05310-JDW (E.D. Pa.).

1

6.      "**Maximum Gross Settlement Amount**" means $2,400,000.00, inclusive of (1) all payments to Settlement Claimants; (2) the Court-approved attorneys' fees, costs and expenses of Counsel for Settlement Claimants; (3) all fees, costs, and expenses associated with a mutually agreed upon Settlement Administrator to administer the settlement; (4) the employee's share of payroll taxes, as required by law regarding settlement payments to Settlement Claimants; and (5) service awards.  The Maximum Gross Settlement Amount does not include the employer's share of payroll taxes which shall be paid by TCC in addition to the Maximum Gross Settlement Amount.  The Maximum Gross Settlement Amount covers 247,724 workweeks.  In the event that the number of workweeks for the Putative Collective Members is two-percent or more greater than 247,724, then TCC will pay additional monies to increase the Maximum Gross Settlement Amount and such additional monies will be calculated by the proportional increase in the additional number of workweeks.

7.      "**Net Settlement Fund**" means the Maximum Gross Settlement Amount minus (1) the attorneys' fees, costs and expenses of Counsel for Settlement Claimants; (2) all fees, costs, and expenses associated with a mutually agreed upon Settlement Administrator to administer the settlement; and (3) service awards.

8.      "**Notice Packet**" means a Settlement Notice, Claim Form and Release, each of which is attached to this settlement Agreement as **Exhibit 1**, and a postage-paid return envelope.  The e-mail notice, reminder postcard, and text message are also attached as **Exhibit 1**.

9.      "**Opt-in Plaintiffs**" refers to Opt-in Plaintiffs who filed Consent to Join Forms in the Lawsuit, excluding Ashley McNeil, Mushrat Haque, and Mark Rucker who were not employed by TCC.

10.      "**Payout Calculation**" means the total amount to be paid to all Settlement Claimants under the formula § III.D.3.

11.      "**Parties Plaintiff**" means the Named Plaintiffs.

12.     "**Putative Collective Members**" means the individuals who worked as Sales Consultants or Technical Advisors for TCC between August 21, 2017 and August 20, 2020 and Parties Plaintiff and Opt-In Plaintiffs.

13.     "**Released Claims**" regarding the Released Parties are all claims asserted or which could have been asserted in the Lawsuit for overtime pay and other wage claims that accrue or accrued during the employment of the non-exempt Sales Consultants and Technical Advisors, relating back to August 21, 2017 and continuing until August 20, 2020, including without limitations, all state and federal claims for unpaid wages, and related wage claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses.

Notwithstanding the foregoing, nothing in this Settlement releases any claims that may not be released as a matter of law.

14.     "**Released Parties**" means TCC, its present and former parent companies, present owners, former owners, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors, predecessors, fiduciaries, administrators, and assigns, and any individual or entity which could be jointly liable with TCC.

15.     "**Releasing Persons**" means the Settlement Claimants and their agents, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in-interest, and assigns.

16.     "**Settlement Administrator**" means a third-party administrator mutually selected by counsel and appointed by the Court.

17.     "**Settlement Claimants**" means all persons who timely file a Claim Form and Release after the issuance of the Notice Packet and prior to the Bar Date.  Named Plaintiffs are Settlement Claimants and do not need to submit a Claim Form and Release to receive their settlement payments.

18.     "**Statute of Limitations Period**" means August 21, 2017  through August 20, 2020.

C.     **Settlement Administrator's Duties**.  The settlement will be administered by the Settlement Administrator.  The duties of the Settlement Administrator will include, but are

3

not limited to, (i) compiling and sending via U.S. Mail to each Putative Collective Member a Notice Packet and sending notice by e-mail (or text message if e-mail addresses are not available) to each Putative Collective Member; (ii) confirming the accuracy of the addresses of the Putative Collective Members through the United States Post Office's National Change of Address database before mailing; (iii) performing one skip trace on Notice Packets returned as undeliverable; (iv) re-mailing Notice Packets by First Class Mail if the Notice Packet was returned undeliverable and a new address is located or upon a Putative Collective Member's request; (v) sending one reminder postcard 30 days after the initial Notice Packet mailing to each Putative Collective Member who did not yet submit a Claim Form; (vi) sending deficiency letters as needed; (vii) creating a website through which Putative Collective Members may submit completed Claim Forms; (viii) establishing and maintaining an e-mail address and facsimile number through which Claim Forms can be submitted; (ix) providing call center support to respond to inquiries from Putative Collective Members; and (x) the allocation duties described below.  Counsel for Parties Plaintiff and Defendant's Counsel may review and approve any documents contemplated by the Settlement Agreement before mailing.  The Settlement Administrator may mail no documents without first receiving written approval to do so from Counsel for Parties Plaintiff and Defendant's Counsel.

D.     **Settlement Administration**. The Parties agree to the following procedure for Settlement Administration:

1.     **TCC's Provision Of A Database To The Settlement Administrator.** Within 10 days of judicial approval of the Settlement Agreement, TCC will provide the Settlement Administrator a database containing the following information, to the extent TCC can reasonably access that information: (a) the name, last known home address, last known personal mobile telephone number, and last known e-mail address of each Putative Collective Member; (b) the start date and end of employment date for each Putative Collective Member for the period such Putative Collective Member worked as a Sales Rep for TCC; (c) the number of workweeks recorded by each Putative Collective Member for the period such Putative Collective Member worked as a Sales Reps for TCC during the Statute of Limitations Period; and (d) any additional agreed-upon information necessary to

perform Payout Calculations as provided in this Agreement ("Collective Employment Data").

2.      **Allocation**.  Within 14 days of receiving from TCC the database referred to in § III.D.2, the Settlement Administrator will allocate to each Putative Collective Member a share of the Net Settlement Fund proportionate to the number of weeks during the Statute of Limitations Period the Putative Collective Member worked as a Sales Rep.  Within 14 days of receiving from TCC the database referred to in § III.D.2, the Settlement Administrator will provide the settlement allocation for Putative Collective Members to Counsel for Settlement Claimants and Defendant's Counsel for review and approval.  The Opt-In Plaintiffs in the Lawsuit will receive a minimum payment of $500.00 from this settlement.  The allocation of the Net Settlement Fund to the Parties Plaintiff and Opt-In Plaintiffs shall be based upon the number of workweeks they worked for TCC from the date three years prior to filing their consent to join form with the Court until August 20, 2020.  To the extent that an Opt-In Plaintiff's allocation is determined to be less than $500.00, the Settlement Administrator will increase the payment amount to $500.00 for such Opt-In Plaintiff.

3.      **Notice To Putative Collective Members**.  Within 14 days of receiving the database referred to in § III.D.2, the Settlement Administrator will (1) confirm the accuracy of the addresses of the Putative Collective Members through the United States Post Office's National Change of Address database or, (2) as necessary, ascertain the last known address or telephone number of a Putative Collective Member.  Within 14 days after completing those two tasks, the Settlement Administrator will compile and issue by U.S. Mail and e-mail to each Putative Collective Member a Notice Packet.  If an e-mail address is unavailable or invalid, the Settlement Administrator will send the Notice via text message. The Settlement Administrator will perform one skip trace on Notice Packets returned as undeliverable and promptly re-mail Notice Packets by First Class Mail upon identifying an updated address or upon a Putative Collective Member's request.

4.      **Attorneys' Fees, Costs, and Expenses**.  Counsel for Settlement Claimants will petition the Court for up to one-third of the Maximum Gross Settlement Amount representing attorneys' fees, and in addition will petition for their out-of-pocket costs and expenses from the Maximum Gross Settlement Amount.  The settlement is not conditioned

upon the approval of Counsel for Settlement Claimants' petition for fees, costs and expenses. Counsel for Settlement Claimants agree not to seek from TCC any additional attorneys' fees, costs and expenses stemming from their involvement in the Lawsuit.

5.     **Service Awards to Parties Plaintiff**. In return for services rendered to Putative Collective Members, Plaintiffs will request that the Court approve a Service Award of Three-Thousand Five Hundred Dollars and Zero Cents ($3,500.00) to each of the two Named Plaintiffs from the Maximum Gross Settlement Amount.  The outcome of the Court's ruling on the application for a Service Award will not terminate this Agreement or otherwise affect the Court's ruling on the Request for Approval.  Any amount not approved by the Court will become part of the Net Settlement Amount.

6.     **Bar Date**.  To become a Settlement Claimant, each Putative Collective Member has no later than the Bar Date to cause the Settlement Administrator to receive a completed and signed Claim Form and Release.  Within seven business days after the Bar Date, the Settlement Administrator will provide the Parties' counsel with a list of the Settlement Claimants and provide to Plaintiffs' Counsel each Settlement Claimant's address, telephone number, and e-mail address.  As soon as practicable following the Bar Date and the resolution of any deficient submissions, the Settlement Administrator will provide the Parties' counsel with a declaration of due diligence and proof of mailing regarding the mailing of the Notice Packets.

7.     **Updates**.  Every seven days after mailing of the Notice Packet, the Settlement Administrator will provide regular, periodic updates to counsel for the Parties regarding the administration process and the number of Claim Forms received.

8.     **Payout Calculation**. Within 15 business days after the Bar Date, the Settlement Administrator will calculate the amount to be paid to each Settlement Claimant under the formula in § III.D.3 and provide the Payout Calculation to Counsel for Settlement Claimants and Defendant's Counsel for review prior to issuing checks.

9.     **Funding**.  TCC will fund the Maximum Gross Settlement Amount within 10 days after the Dismissal and Approval Order's entry with the mutually agreed upon Settlement Administrator.  Within five days after the Dismissal and Approval Order is final and non-appealable, the Settlement Administrator will process all checks for service awards and all checks to Counsel for Settlement Claimants' attorneys' fees and costs.  TCC

will fund the employer-paid payroll taxes when two conditions exist: (1) at least 10 business days have passed since the Parties confirmed the Payout Calculation; and (2) the time for an appeal of the Dismissal and Approval Order has passed without an appeal, or the appellate process is exhausted and the Dismissal and Approval Order has been affirmed, whichever is applicable.

10.     **Check Issuance to Settlement Claimants**. Within 30 business days after the Bar Date, the Settlement Administrator will mail all settlement checks to Settlement Claimants via USPS first-class mail.  Settlement Claimants will have 120 days from the date of mailing to cash their settlement checks.

11.     **Claims-Made Mechanism**.  The settlement is a common fund, "claims made" settlement, meaning that the only settlement funds to be paid from the Net Settlement Fund are those based on the claims timely made by Settlement Claimants.  All of (1) the attorneys' fees, costs and expenses of Counsel for Settlement Claimants; (2) the fees, costs, and expenses associated with a mutually agreed upon Settlement Administrator to administer the settlement; (3) the employee-paid payroll taxes, as required by law regarding settlement payments to Settlement Claimants; and (4) the service awards will be paid from the Maximum Gross Settlement Amount.  With the exception of the employer's payroll related tax liability, under no condition will TCC's total liability and payments to Settlement Claimants or Counsel for Settlement Claimants, exceed $2,400,000.00.  Any unclaimed portion of the Net Settlement Fund, including any settlement checks not negotiated within 120 days of mailing, will revert to TCC.  The Settlement Administrator will provide TCC with a check equal to the value of those uncashed checks and/or unclaimed funds within 180 days of mailing of the settlement checks.   Any Putative Collective Member who does not submit a Claim Form and Release shall not release any claims against TCC.

E.     **Release of Settlement Claimants' Claims**. Upon submission of a timely Claim Form and Release and contingent upon TCC's funding of the Maximum Gross Settlement Amount, each Settlement Claimant will be deemed to have released, waived, and discharged the Released Parties from his or her Released Claims as defined above.  Each Releasing Person further covenants and agrees that, since each Releasing Person is settling disputed claims, a Releasing Person will not accept, recover, or receive any back pay,

liquidated damages, other damages, or any other form of relief based on any Released Claims settled in this litigation, or in connection with any other individual, class, collective, representative, administrative, or arbitral proceeding pursued by any individual, class, union, or federal, state or local governmental agency against Released Persons.  Releasing Persons further acknowledge and agree that they are enjoined from pursuing any Released Claims settled as part of this settlement and will not file, cause to be filed, or affirmatively join or opt in, as a collective member, beneficiary or other participant in any lawsuit or any other claim released under the Released Claims and, if involuntarily joined in any lawsuit against Released Persons regarding claims released under the Released Claims, Releasing Persons agree to waive their rights to any recovery that may result from such lawsuit or proceeding, and not to pursue claims on their own behalf.  Notwithstanding the foregoing, nothing prevents or limits Settlement Claimants from filing a charge or participating in an investigative proceeding of the Equal Employment Opportunity Commission or other governmental agency.

F.      **Taxes**.  Each Settlement Claimant's payment will be treated 50% as wages and 50% as non-wages representing liquidated damages.  The wage portion will be paid net of all employee withholding taxes, including federal, state, and local income tax, FICA taxes, and federal and state unemployment taxes.    TCC will transmit to the Settlement Administrator for payment the employer's share of all payroll taxes imposed by law in addition to the Maximum Gross Settlement Amount.  All taxes withheld and paid by the Settlement Administrator will be reported by the Settlement Administrator to the appropriate taxing authorities under the payee's name and social security number.  Each Settlement Claimant will receive an IRS Form W-2 and IRS Form 1099.  The attorney fees, costs and expenses will be paid without withholding and will be reported to the IRS on an IRS Form 1099 to Counsel for Settlement Claimants.  The Settlement Administrator will determine the appropriate tax treatment for the service aayments.  All Settlement Claimants are obligated to pay their respective share of any taxes, local, state or federal, which may become due and owing on the monies received under this Settlement Agreement.

G.      **Service Or Notice**.  Whenever, under this Settlement Agreement, a person must provide service or written notice to TCC, Defendant's Counsel, or Counsel for Settlement Claimants, such service or notice will be directed to the individuals and addresses specified

8

below, unless those individuals or their successors give notice to the other Parties in writing. As to Counsel for Settlement Claimants: Gregg I Shavitz, Shavitz Law Group, Boca Raton Office, 951 Yamato Road, Suite 285, Boca Raton, FL 33431 and Peter Muhic, LeVan Muhic Stapleton LLC, One Liberty Place, 1650 Market St., Suite 3600, Philadelphia, PA 19103. As to Counsel for TCC: Steven Pockrass, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 111 Monument Circle, Suite 4600, Indianapolis, IN 46204 and Vik Jaitly, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 1735 Market Street, Suite 3000, Philadelphia, PA 19104.

H.     **Severability**. If any portion of this Settlement Agreement is held legally invalid or unenforceable, such event will not render invalid or unenforceable any other portion of this Settlement Agreement, and the remainder of this Settlement Agreement will be read as though the invalid or unenforceable portion were omitted; provided, however, that such reading will not materially frustrate the intent of the Parties as evidenced in this Settlement Agreement.

I.     **Continuing Jurisdiction**. The Court that approves the Settlement Agreement will retain continuing and exclusive jurisdiction over the Parties to this Settlement Agreement, and all Settlement Claimants, for the administration and enforcement of this Settlement Agreement.

J.     **Cooperation Clause**. The Parties agree to cooperate fully with each other to accomplish the terms of the Settlement Agreement, including, but not limited to, execution of documents and taking such actions as may be reasonably necessary to implement the terms of the Settlement Agreement. The Parties agree to use reasonable efforts, including all efforts contemplated by this Settlement Agreement and any other reasonable efforts that may become necessary by order of the Court, or otherwise, to effect the Settlement Agreement and the terms set forth herein, including, but not be limited to working cooperatively with the assistance of the Settlement Administrator to contact Settlement Claimants to cure deficient Claim Forms submitted or other issues concerning payments to Settlement Claimants. Parties Plaintiff will, with the assistance and cooperation of TCC and TCC's counsel, take reasonable steps to secure the Court's final approval of the Settlement Agreement.

K.      **Choice of Law**.  The enforcement of this Settlement Agreement will be governed and interpreted by and under the laws of Pennsylvania, whether or not any Party is or may hereafter be a citizen or resident of, or may have been employed by TCC in, another state.

L.      **Amendments/Modifications/Extensions of Time**.  This Settlement Agreement constitutes the entire agreement of the Parties concerning the subjects contained herein. This Settlement Agreement may not be changed or altered except in writing signed by or on behalf of all Parties and upon approval by the Court, except that the Parties, acting through Counsel, may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement.  No waiver, modification or amendment of this Settlement Agreement will be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any Party to insist upon the strict performance by the other party of any of the provisions of this Settlement Agreement will not be deemed a waiver of any of the other provisions of this Settlement Agreement, and such Party, notwithstanding such failure, will have the right thereafter to insist upon the specific performance of any of the provisions of this Settlement Agreement.

M.      **Binding Agreement**.  This Settlement Agreement will be binding upon, and inure to the benefit of, the Parties and their affiliates, agents, employees, beneficiaries, heirs, executors, administrators, successors, predecessors and assigns.

N.      **Captions**.   The captions or headings of the paragraphs of this Settlement Agreement are for convenience of reference only and will not affect the construction or interpretation of any part of this Settlement Agreement.

O.      **Execution of Agreement**.  This Settlement Agreement will become effective upon its execution subject to subsequent judicial approval.  The Parties or authorized signatories may execute this Settlement Agreement in counterparts, and execution in counterparts will have the same force and effect as if Counsel for Settlement Claimants and TCC had signed the same instrument.  Any signature made and transmitted by facsimile, or other electronic means, for the purpose of executing this Settlement Agreement will be deemed an original signature for purposes of this Settlement Agreement and will be binding upon the Party whose counsel transmits the signature page by facsimile, or other electronic means.  Each counsel or other person executing this Settlement Agreement or any of its exhibits on

behalf of any Party warrants that such person has the authority to do so.  Any person executing this Settlement Agreement or any such related documents on behalf of a corporate signatory warrants and promises for the benefit of all Parties hereto that such person has been duly authorized by such corporation to execute this Settlement Agreement or any such related documents.

**The Cellular Connection, LLC**

Dated: _____        By:_____

Printed Name: _____

Title: _____

Dated: _____        By: _____
                                 Theresa Weirbach

Dated: _____        By: _____
                                 Charles Zimmer

11

behalf of any Party warrants that such person has the authority to do so. Any person executing this Settlement Agreement or any such related documents on behalf of a corporate signatory warrants and promises for the benefit of all Parties hereto that such person has been duly authorized by such corporation to execute this Settlement Agreement or any such related documents.

Dated: 10/14/2020

**The Cellular Connection, LLC**

By: _dlmills_

Printed Name: _Dehat Mills_

Title: _Deputy GC + CO_

Dated: _____

By: _____
              Theresa Weirbach

Dated: _____

By: _____
              Charles Zimmer

behalf of any Party warrants that such person has the authority to do so.  Any person executing this Settlement Agreement or any such related documents on behalf of a corporate signatory warrants and promises for the benefit of all Parties hereto that such person has been duly authorized by such corporation to execute this Settlement Agreement or any such related documents.

**The Cellular Connection, LLC**

Dated: _____ By:_____

Printed Name: _____

Title: _____

Dated: _10/14/2020_ By: _____

Theresa Weirbach

Dated: _____ By: _____

Charles Zimmer

behalf of any Party warrants that such person has the authority to do so.  Any person executing this Settlement Agreement or any such related documents on behalf of a corporate signatory warrants and promises for the benefit of all Parties hereto that such person has been duly authorized by such corporation to execute this Settlement Agreement or any such related documents.

**The Cellular Connection, LLC**

Dated: _____        By:_____

Printed Name: _____

Title: _____

Dated: _____        By: _____

Theresa Weirbach

Dated: 10/14/2020        By: _____

Charles Zimmer

EXHIBIT 1

<div style="border:1px solid black">

# NOTICE OF SETTLEMENT OF UNPAID OVERTIME LAWSUIT INVOLVING THE CELLULAR CONNECTION SALES REPRESENTATIVES AND TECHNICAL ADVISORS

</div>

*A court authorized this Notice. This is not a solicitation from a lawyer.*

- A settlement has been entered to resolve a lawsuit on behalf of current or former Sales Consultants and Technical Advisors at The Cellular Connection.

- On November 12, 2019, Plaintiffs filed a lawsuit titled *Weirbach, et al. v. The Cellular Connection, LLC,* No. 5:19-cv-05310-JDW (E.D.Pa.) seeking alleged unpaid overtime wages for Sales Consultants and Technical Advisors. 21 other Sales Consultants and Technical Advisors joined the case before it settled on August 20, 2020.

- This Notice describes important terms of the Settlement Agreement and Release of Claims ("Agreement"). You are receiving this Notice because The Cellular Connection's records indicate you worked as a Sales Consultant or Technical Advisor one or more weeks between August 21, 2017 and August 20, 2020.

- You may participate in the Settlement by submitting the enclosed Claim Form and Release by [60 days from mailing].

- If you participate in the Settlement, you will receive a settlement payment of $____, which is based on the number of weeks you worked as a Sales Consultant or Technical Advisor for The Cellular Connection from August 21, 2017 to August 20, 2020. Half of your payment will be subject to deductions for payroll taxes and other legally required withholdings.  The other half of your payment will be treated as non-wage income.

- **Your legal rights may be affected, and you have a choice to make now:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
| --- | --- |
| **SEND IN THE CLAIM FORM AND RELEASE.** | **Receive a settlement payment. Give up certain claims.**<br><br>By completing the Claim Form and Release and sending it to the proper address by [date], you will be paid the amount described above and you will be bound by the Judgment entered by the Court. You will also give up the right to sue the Defendant for claims arising from the same facts alleged in the Lawsuit. |

| **DO NOTHING.** | You do not give up any rights; however, you will not receive any payment under the settlement. |
|---|---|

## What is this lawsuit and who is involved?

In this Lawsuit, former Sales Consultants and Technical Advisors allege they worked off-the-clock and are owed overtime. Specifically, they allege they spent time performing work-related duties while they were outside of The Cellular Connection's retail stores and not clocked into The Cellular Connection's timekeeping system, including participating in GroupMe messaging, conference calls, and other job-related communications. The lawsuit is titled *Weirbach, et al. v. The Cellular Connection, LLC*, No. 5:19-cv-05310-JDW (E.D. Pa.). The Named Plaintiff brought the case as a collective action on behalf of all current and former Sales Consultants and Technical Advisors who worked for The Cellular Connection within the relevant time period for the case.

The Cellular Connection denies these allegations and contends that all Sales Representatives were properly compensated for all hours worked, including any off-the-clock work they performed, and that they were paid overtime pay if they worked more than 40 hours in a workweek.

The Parties agreed to settle the disputed claims. The Court has not made any determination as to the merits of Plaintiffs' alleged claims or as to The Cellular Connection's defenses.

## How do I receive a settlement payment?

You must complete and return the enclosed Claim Form and Release to the Claims Administrator according to the directions on the Claim Form and Release. You may also visit [insert website] to submit your Claim Form and Release using your unique identifier information below:

[insert credentials]

Your payment will be sent to you directly at the address which you provide on the Claim Form and Release.

## What I am giving up in exchange for a settlement payment?

Once you submit your Claim Form and are sent a payment, you cannot sue or continue to sue The Cellular Connection for claims asserted or which could have been asserted in the Lawsuit for overtime pay and other wage claims that accrue or accrued during the employment of the non-exempt Sales Consultants and Technical Advisors, relating back to August 21, 2017 and continuing until August 20, 2020, including without limitations, all state and federal claims for unpaid wages, and related wage claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses.

## Who are the attorneys who represent the Plaintiffs?

The Shavitz Law Group, P.A. and LeVan Muhic Stapleton LLC represent the Named Plaintiffs and have negotiated the settlement terms. As part of the Settlement, the firms will be paid one-

third of the Settlement to compensate them for their attorneys' fees, plus their out-of-pocket costs and expenses for litigating and settling the Lawsuit. You will not have to pay the attorneys any of their fees, costs or expenses.

If you have any questions, you may contact Plaintiffs' Counsel at:

Gregg I. Shavitz                          Peter A. Muhic
Tamra Givens                             LeVAN MUHIC STAPLETON LLC
SHAVITZ LAW GROUP. P.A.                   One Liberty Place
951 Yamato Rd, Suite 285                  1650 Market St, Suite 3600
Boca Raton, FL 33431                      Philadelphia, PA 19103
Telephone: (561) 447-8888                 Telephone: (215) 561-1500
slg@shavitzlaw.com                        lms@levanmuhic.com

Michael Palitz
SHAVITZ LAW GROUP, P.A.
800 3rd Avenue, Suite 2800
New York, NY 10022
Telephone: (800) 616-4000
slg@shavitzlaw.com

**Can I get more information about the Settlement?**

If you would like more information about the Settlement, you may contact Plaintiffs' counsel at the numbers above; or you may contact the Claims Administrator, [NAME], at [phone number/email address/street address]; or you may visit [insert website].

<<Class Member Name>>
<<Street Address>>
<<City, State Zip>>

## CLAIM FORM AND RELEASE

DEADLINE:  To receive your settlement payment, you must complete, sign, and return this Claim Form.  Your Claim Form must be postmarked or otherwise received by facsimile, or email by [60 DAYS FROM DATE OF MAILING].  You may also submit your Claim Form via the website [insert] using your credentials listed on page 2 of the settlement Notice.

If you lose the envelope, you should send the Claim Form to:

**The Cellular Connection Settlement**
Address
City, State Zip
Phone: (___) ___-____
Facsimile: (___) ___-____
E-mail:_____

**CHANGE OF ADDRESS:** If you change your address, please inform the Settlement Administrator of your new address to ensure processing of your claim.  It is your responsibility to keep a current address on file with the Settlement Administrator.

**CONSENT TO JOIN & AGREEMENT TO BE BOUND BY RELEASE:** I agree to be bound by the collective action settlement and release approved by the Court as contained in the settlement agreement.  I hereby designate the Shavitz Law Group, P.A. and LeVan Muhic Stapleton LLC to represent me in this action.

Signature:_____ Date:_____

Print:_____
                         First              Middle           Last

Former (Maiden) Names worked under, if any:_____

**Note: Your address and other identifying information below will be kept confidential and will not be filed with the Court.**

_____
Street Address

_____
City                                    State         Zip Code

Email Address: _____

Home phone: _____ Cell phone: _____

## <u>PLAINTIFF'S PROPOSED EMAIL NOTICE[1]</u>

**From:  [address]@[administrator].com**

**Subject: Notice of Settlement of Lawsuit Involving The Cellular Connection**

**Body of Email:**

Attached is a Notice of Settlement involving a lawsuit for alleged unpaid wages filed by Sales Consultants and Technical Advisors at The Cellular Connection.  This Notice advises you of your right to claim a settlement payment. To claim your settlement payment, you must submit a Claim Form. Your Claim Form must be received by XX/XX/20. This Notice explains how to submit a Claim Form.

If you have any questions, you may call Plaintiffs' counsel Shavitz Law Group at (800) 616-4000 or e-mail them at slg@shavitzlaw.com.  You can also visit the settlement website at XXXX.

Thank you,

*The Cellular Connection Sales Rep Settlement Administrator*

*C/O [administrator]*

XXX

---

[1]       An electronic copy of the Notice and Consent to Join form will be attached to the Email.

## PLAINTIFF'S PROPOSED TEXT MESSAGE NOTICE

**Body of Text Message:**

This is a Court-Authorized text message providing you notice of settlement of a lawsuit for alleged unpaid wages filed by Sales Consultants and Technical Advisors who worked for The Cellular Connection.  For more information, please go to [insert website]. To receive a settlement payment, your claim form must be received by XX/XX/20.

**The Cellular Connection Settlement**
c/o XXX
P.O. Box XXX
[City], [State] [Zip]


**Forwarding Service Requested**


[insert name and address of class member]

---

**REMINDER REGARDING THE CELLULAR CONNECTION SETTLEMENT**

*Weirbach, et al. v. The Cellular Connection, LLC*, No. 5:19-cv-05310-JDW (E.D. Pa.)

You should have received a Notice explaining that you are eligible to participate in a settlement for certain current and former Sales Consultants and Technical Advisors.

Our records show that you have not submitted a Claim Form.  If you would like to participate in the settlement and receive a settlement check, you must complete a Claim Form and mail, fax, or e-mail it by [date] to:

**[Claims Administrator]**
**P.O. Box XXX**
**[City], [State] [Zip]**
**Phone: (XXX) XXX-XXX**
**Fax: (XXX) XXX-XXXX**
**E-mail: XXX@XXX.com**

**You may also submit the Claim Form through this website:  [insert website].**

If you have any questions, you can contact the Claims Administrator, or the Plaintiffs' Counsel, Shavitz Law Group, P.A. by phone (800-616-4000); e-mail slg@shavitzlaw.com; or through our website:  www.shavitzlaw.com.  Thank you.